COURT OF APPEALS OF VIRGINIA


Present:    Judges Elder, Beales and Senior Judge Annunziata


JEAN FRANCES KRUSELL

                                                    MEMORANDUM OPINION[*]
v.        Record No. 0922-09-4                         PER CURIAM
                                                    NOVEMBER 10, 2009
SAAD ABDULRAZZAK AL-RAYES


                  FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                              Jan L. Brodie, Judge

            (Robert J. Surovell; Cory Frederick Goriup; Surovell Markle
            Issacs & Levy PLC, on brief), for appellant.

            (Keenan R. Goldsby; Ryan M. Witkowski; Feldesman Tucker Leifer
            Fidell LLP, on brief), for appellee.


        Jean Frances Krusell (mother) appeals the trial court's ruling enjoining her from relocating

with her children to Massachusetts.  Mother argues that the trial court erred by (1) finding that the

changes in circumstances since the last custody order were not significant and enjoining mother

from moving the children to Massachusetts; (2) finding that the relationship between Saad

Abdulrazzak Al-Rayes (father) and the parties' minor children would be adversely affected if

mother was permitted to relocate with the children to Massachusetts; (3) finding that mother could

take the Harvard extension program online, thus not requiring a move to Massachusetts to complete

the program; and (4) declining to order father to assist mother financially.  Upon reviewing the

record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we

summarily affirm the decision of the trial court.  See Rule 5A:27.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

On June 14, 2006, the parties entered a consent order whereby they would have joint legal custody of their four children[1] and mother would have primary physical custody, subject to father's custodial access. On July 31, 2008, mother emailed father to notify him of her intention to move with the children on September 1, 2008 to Massachusetts.[2] Father filed a motion for injunctive relief and motion to modify physical custody and for other relief. The trial court temporarily enjoined mother from relocating with the children. Subsequently, father filed a motion to modify and to clarify custody order. On December 22 and 23, 2008, the trial court heard the evidence and arguments from both parties regarding mother's relocation request and father's request for clarification of the custody order. The trial court enjoined mother from moving to Massachusetts with the children, maintained the existing custody arrangements, and clarified father's visitation. Mother filed a motion for reconsideration, which the trial court denied. Mother timely noted her appeal.

ANALYSIS

Relocation

Mother argues that the trial court erred in finding that the change in circumstances since the last custody order was not significant and enjoining her from relocating with the children to Massachusetts.

"In determining whether to modify a decree giving a custodial parent permission to remove children from the state, the court must find: (1) a material change in circumstances since the prior decree; and, (2) that relocation would be in the children's best interests." Wheeler v. Wheeler, 42 Va. App. 282, 288, 591 S.E.2d 698, 701 (2004) (citations omitted). "The party

---

[1] The parties' oldest child is now emancipated.

[2] Mother filed a notice of relocation with the trial court on August 1, 2008.

seeking permission to relocate bears the burden of establishing both of these elements, and, on appeal, the court's decision granting or denying permission to relocate is not reversible unless 'plainly wrong or without evidence to support it.'" Surles v. Mayer, 48 Va. App. 146, 174, 628 S.E.2d 563, 576 (2006) (quoting Sullivan v. Jones, 42 Va. App. 794, 806, 595 S.E.2d 36, 42 (2004)).

> "'Changed circumstances' is a broad concept and incorporates a broad range of positive and negative developments in the lives of the children." Parish v. Spaulding, 26 Va. App. 566, 573, 496 S.E.2d 91, 94 (1998) (quoting Keel v. Keel, 225 Va. 606, 611-12, 303 S.E.2d 917, 921 (1983)), aff'd, 257 Va. 357, 513 S.E.2d 391 (1999). "Whether a change in circumstances exists is a factual finding that will not be disturbed on appeal if the finding is supported by credible evidence." Ohlen v. Shively, 16 Va. App. 419, 423, 430 S.E.2d 559, 561 (1993) (citation omitted).

Wheeler, 42 Va. App. at 289 n.1, 591 S.E.2d at 702 n.1.

Since 2002, mother has been the primary caregiver for the children. Father is a citizen of Saudi Arabia and worked overseas until he moved to the United States in 2006. In June 2006, father lived with his sister in a two-bedroom apartment, approximately thirty minutes away from the children. He was not employed and was classified as a visitor for immigration purposes. At the time of the hearing, father moved to a three-bedroom house, approximately five minutes from the children. Since January 7, 2007, father has worked at the International Finance Corporation, which is part of the World Bank Group. His job requires some travel, but his office is in Washington D.C. Since the last custody order, father's immigration status also changed, and he now has a G-4 visa, which means that he is a resident permitted to work only in the D.C. area for a specific employer.

Mother testified that since June 2006, her financial circumstances had deteriorated. She had not found employment, and her financial resources became limited. Mother stayed home to raise the children for approximately twenty years. When the parties separated, father had given

her approximately $140,000, which she used to meet her and the children's expenses. At trial, she testified that the funds were practically depleted. She further explained that the child support that she received from father did not meet their monthly expenses.

The trial court found that there was a change in circumstances "in that [mother] is faced with the foreseeable decrease in her finances, and [father] has moved to . . . suitable housing and has employment in the area." The court, however, further found that the changes in circumstances were not significant.[3]

Mother contends the relocation to Massachusetts was in the children's best interests, and the trial court erred in finding otherwise.

"The trial court's determination of the child's best interests 'is a matter of discretion . . . , and, unless plainly wrong or without evidence to support it, the court's decree must be affirmed.'" Sullivan v. Knick, 38 Va. App. 773, 783, 568 S.E.2d 430, 435 (2002) (quoting Bostick v. Bostick-Bennett, 23 Va. App. 527, 533, 478 S.E.2d 319, 322 (1996)).

Mother sought to move with the children to Massachusetts and live with her parents in their home while she attended school. Mother was accepted into the Harvard extension program, which is a work-study program. She planned to obtain her masters degree in biotechnology and learn current laboratory procedures. She explained that she and the children could live with her parents rent-free, and her parents would be able to offer financial and emotional support to her and the children. She testified that she has additional extended family in Massachusetts. The children were familiar with the community because they had spent approximately three months

---

[3] Father presented evidence that mother started looking for employment in November 2008, one month before trial, and argued that her financial circumstances were not as dire as she represented. The trial court agreed with father and stated that mother's efforts to seek employment in Northern Virginia were "minimal, if not questionable." See Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (*en banc*) ("It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony.").

each summer for almost thirteen years at their grandparents' home. They had been involved in recreational activities while they visited. Mother's parents live approximately forty minutes from Boston, which has numerous museums and cultural events.

"The court may consider a benefit to the parent from relocation only if the move independently benefits the children." Cloutier v. Queen, 35 Va. App. 413, 430, 545 S.E.2d 574, 583 (2001). "If the trial court finds that relocation is not in the 'best interests of the child,' the trial court must deny the relocation request." Id. at 423, 545 S.E.2d at 579 (citations omitted). "If maintaining the *status quo* is in the 'best interests of the child,' the court shall deny any requests to change custody and order that the *status quo* be maintained." Id. at 423-24, 545 S.E.2d at 579 (citation omitted).

Here, the trial court found that the relocation would not independently benefit the children. The parties' daughters were doing well in school and were "happy and well-adjusted." The girls were involved in several extracurricular activities. The parties' son was a junior in high school, which the trial court said was "an important year of high school, one that will determine to a large part his acceptance in college if he decides to apply." He also was doing well in school and involved in a number of extracurricular activities. The trial court also noted that the children have a close relationship with both parents and enjoy spending time with their father.

In issuing its ruling, the trial court stated that it considered all of the factors of Code § 20-124.3 and granted father's request for injunctive relief, which enjoined mother from moving the children to Massachusetts. This conclusion was not plainly wrong or without evidence to support it.

<u>Father's Relationship with the Children</u>

Mother argues that the trial court erred in finding that father's relationship with the children would be adversely affected if mother and the children relocated to Massachusetts.

Mother had the burden to prove that relocation to Massachusetts would not substantially impair the children's relationship with father. <u>Stockdale v. Stockdale</u>, 33 Va. App. 179, 185, 532 S.E.2d 332, 335 (2000).

"[T]he added difficulty in maintaining a beneficial relationship between a child and a non-custodial parent should not be the sole basis for restricting a custodial parent's residence except where the benefits of the relationship cannot be substantially maintained if the child is moved away from the non-custodial parent." <u>Scinaldi v. Scinaldi</u>, 2 Va. App. 571, 575, 347 S.E.2d 149, 151 (1986).

A court "shall consider" the factors in Code § 20-124.3 to determine the "best interests of a child" for custody or visitation. Code § 20-124.3. "[T]he role the non-custodial parent has previously played in the children's lives is relevant to assessing whether the requested relocation will 'substantially impair[]' the relationship between the children and the other parent." <u>Judd v. Judd</u>, 53 Va. App. 578, 589, 673 S.E.2d 913, 918 (2009) (quoting <u>Petry v. Petry</u>, 41 Va. App. 782, 792-93, 589 S.E.2d 458, 463-64 (2003)); <u>see</u> Code § 20-124.3(5). Here, the trial court acknowledged father's relationship with the children and that it had improved significantly since 2006.

Furthermore, the trial court discussed two other factors from Code § 20-124.3 as they related to the parties' lack of communication. Some of mother's actions, including her inflexibility with visitation and refusal to allow the children to be a part of father's Children at Work program, did not support the children's relationship with father. Code § 20-124.3(6). In

addition, the parties were unable to cooperate and resolve visitation disputes regarding winter break and summer. Code § 20-124.3(7). These actions caused the trial court "some concern."

The trial court noted father's testimony that "the relocation will make it extremely difficult to maintain the quality of the relationship he has now with his children who currently live only one-half mile away from him." Furthermore, the trial court explained that father's immigration status would affect his ability to visit with the children if they were to relocate to Massachusetts. The trial court found that the benefits of the relationship between father and the children could not be "substantially maintained" if the children moved to Massachusetts. Based on the foregoing, we find that there was sufficient evidence to support the trial court's finding.

### Harvard Extension Program & Financial Assistance

Mother argues that the trial court erred in finding that she could take the Harvard extension program online, thus not requiring a move to Massachusetts to complete the program. Although mother could take numerous courses online, mother explained that she would have to be on campus for at least four of the courses and to take and pass a test.

Mother also argued that the trial court erred in declining to order father to assist her financially when he stated that he would be willing to help with her expenses.

Rule 5A:20(e) mandates that appellant's opening brief include "[t]he principles of law, the argument, and the authorities relating to each question presented . . . ." Mother did not comply with Rule 5A:20(e) because her opening brief does not contain any principles of law or citation to legal authorities to fully develop her arguments for these two issues.

Mother has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).

We find that mother's failure to comply with Rule 5A:20(e) is significant, so we will not consider Questions Presented 3 and 4. See Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."); Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).

Attorney's Fees

Both parties have requested an award of attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). On consideration of the record before us, we decline to award either party attorney's fees and costs on appeal.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.