COURT OF APPEALS OF VIRGINIA

Present: Judges Frank, Huff and Chafin
Argued at Chesapeake, Virginia

**UNPUBLISHED**

C. JASON CONGLETON

MEMORANDUM OPINION* BY
v.      Record No. 1413-12-1      JUDGE TERESA M. CHAFIN
APRIL 9, 2013

JADE CONGLETON

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Marjorie T. Arrington, Judge

Kristi A. Wooten (Brent L. Rowlands; Wooten & Shaddock, PLC,
on brief), for appellant.

Robert L. "Bo" Foley (Valerie B. Foley; Foley Burks, P.C., on
brief), for appellee.

(Erin Evans-Bedois; MacDonald, Plumlee & Overton, P.C., on
brief), Guardian *ad litem* for the minor children.


C. Jason Congleton ("appellant") appeals an order from the Circuit Court of the City of

Chesapeake ("circuit court") granting primary physical custody of his two daughters to their

mother, Jade Congleton ("appellee"), who lives in New York. Appellant argues that the circuit

court erred in making its custody ruling based on insufficient evidence and without applying the

correct legal standard. Specifically, he contends that the circuit court failed 1) to find a material

change of circumstances justifying a custody modification, and 2) to determine and properly

weigh the benefits and disadvantages to the children resulting from this custody modification in

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

its best interest analysis.[1]  As appellant failed to object to the circuit court's holdings concerning a material change of circumstances or its best interest analysis, Rule 5A:18 prohibits us from considering these arguments.  Furthermore, Rule 5A:20 prohibits us from considering any argument made by appellant on the issue of relocation.

I.  Material Change of Circumstances and Best Interest Analysis

Rule 5A:18 states that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."  The purpose of this rule is "to allow the trial court to cure any error called to its attention, thereby avoiding unnecessary appeals and retrials."  Herring v. Herring, 33 Va. App. 281, 286, 552 S.E.2d 923, 927 (2000) (citation omitted).  "In addition, a specific, contemporaneous objection gives the opposing party the opportunity to meet the objection at that stage of the proceeding."

---

[1] Appellant's assignment of error in its entirety states:

> The trial court has erred in making the custody ruling, without sufficient evidence and without applying the correct legal standard, and has failed to make affirmative findings to establish the prerequisite:
>
> > a.  first prong "material change of circumstances" needed to overcome the benefits and protections of the "*status quo*" stability of the children;
> >
> > b.  a second prong "best interests" determination:
> >
> > > i.  without determining the required "separate independent benefit to the children," after making findings to the contrary; and
> > >
> > > ii.  without weighing "any benefits to the custodial parent that inure to the benefit of the children against the deleterious effects, including an adverse impact upon the relationship, between the child and the non-custodial parent."

(Citations to the record omitted).

Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991).  Rule 5A:18 applies to all types of cases.  See Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (*en banc*).

In the present case, appellant conceded at oral argument that he never objected to the circuit court's failure to find a material change of circumstances.  Additionally, appellant failed to object to the circuit court's best interest analysis based on the factors set forth in Code § 20-124.3 or any other factors.  Although appellant noted several objections to the circuit court's decision, these objections concerned specific factual findings of the circuit court and its failure to treat the case as a relocation case and make certain determinations in that context.  These objections did not address the best interest analysis applied by the circuit court or its ultimate custody and visitation determination based on that analysis.  Accordingly, appellant's failure to object bars appellate review of these issues under Rule 5A:18.

Appellant argues, however, that the good cause and ends of justice exceptions to Rule 5A:18 excuse his failure to object.  Neither exception applies.

"Rule 5A:18 recognizes that this Court may consider an alleged error that was not timely and specifically objected to when 'good cause is shown . . . .'  [This] good cause exception is applied when an appellant did not have the opportunity to object to an alleged error during the proceedings below."  Flanagan v. Commonwealth, 58 Va. App. 681, 694, 714 S.E.2d 212, 218 (2011).[2]  The record shows that appellant had numerous opportunities to object in this case.  The appellant could have noted his objections at the February 3, 2012 hearing.[3]  In fact, he made multiple objections throughout this hearing and following the circuit court's decision.  Therefore,

---

[2] See also Code § 8.01-384(A) (providing, in pertinent part, that "if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection shall not thereafter prejudice him on motion for a new trial or on appeal").

[3] Appellant could have noted his objections concerning a material change of circumstances at either the October 28, 2011 hearing or the February 3, 2012 hearing.

as appellant had an adequate opportunity to object, the good cause exception does not excuse his failure to do so under the facts of this case.

The ends of justice exception to Rule 5A:18 also does not apply in this case.

> The ends of justice exception is narrow and is to be used sparingly. It is a rare case in which, rather than invoke Rule 5A:18, we rely upon the exception and consider an assignment of error not preserved at trial. In order to avail oneself of the exception, [an appellant] must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred. The trial error must be clear, substantial and material.

Redman v. Commonwealth, 25 Va. App. 215, 220-21, 487 S.E.2d 269, 272 (1997) (emphasis in original) (internal quotation marks omitted).

Appellant has not shown that a miscarriage of justice has occurred in this case. Although he claims that the circuit court erred by failing to find a material change of circumstances prior to modifying custody and visitation, the record shows that many circumstances had changed in this case since the entry of the last final order concerning these issues.[4] A material change of circumstances "'incorporates a broad range of positive and negative developments in the lives of children.'" Sullivan v. Jones, 42 Va. App. 794, 806, 595 S.E.2d 36, 42 (2004) (quoting Parish v. Spaulding, 26 Va. App. 566, 573, 496 S.E.2d 91, 94 (1998)). In this case, appellee had moved to New York and lost custody and visitation of the children since entry of the last final custody and visitation order. Moreover, appellant conceded that a material change of circumstances had occurred when he petitioned the circuit court for temporary custody of the children upon filing for divorce. He also expressly conceded this issue when arguing for custody at the October 28,

---

[4] Although appellant seems to argue that there has been no material change of circumstances since the entry of the December 30, 2009 *pendente lite* order, such temporary orders have "no presumptive effect and [are] not determinative when adjudicating the underlying cause." See Code § 20-103(E). The only final order entered in this case prior to the February 3, 2012 custody determination was entered by the Chesapeake Juvenile and Domestic Relations District Court in March 2009. Therefore, any material change of circumstances must be measured from the entry of that order rather than the *pendente lite* order.

-4-

2011 hearing, stating that "[c]ircumstances have changed" since the children were last in the custody of appellee. Assuming without deciding that the circuit court erred by failing to expressly find a material change of circumstances, such error would not constitute a miscarriage of justice given the ample evidence, including appellant's own concessions, of a material change of circumstances in this case. Therefore, we refuse to apply the ends of justice exception to excuse appellant's failure to object concerning this issue.

Furthermore, appellant has not shown that the circuit court's best interest analysis and custody determination constitute a miscarriage of justice. In this case, the circuit court addressed each of the factors enumerated in Code § 20-124.3 in making its custody decision and recited the evidence it considered for each factor. Although the circuit court considered many of these factors to be "even" between the parties, it placed great weight on factor six, concerning the propensity of each parent to actively support the children's relationship with the other parent. The circuit court held that appellee was more likely than appellant to support a relationship between the children and their other parent, and this conclusion was supported by evidence of appellant's failure to facilitate visitation between appellee and the children when the children were in his custody. We decline to apply the ends of justice exception under these circumstances.

II. Specific Determinations in the Circuit Court's Best Interest Analysis

The second prong of appellant's assignment of error indirectly presents a relocation argument within the context of a best interest analysis in a child custody determination. Appellant argues that the circuit court failed to determine a "separate independent benefit to the children" or weigh "any benefits to the custodial parent that inure to the benefit of the children against the deleterious effects, including an adverse impact upon the relationship, between the child and the non-custodial parent" when conducting its best interest analysis. These specific

findings are often made in relocation cases, where a custodial parent seeks to relocate to a new area with a child. See, e.g., Judd v. Judd, 53 Va. App. 578, 588, 673 S.E.2d 913, 917-18 (2009); Wheeler v. Wheeler, 42 Va. App. 282, 290, 591 S.E.2d 698, 702 (2004); Petry v. Petry, 41 Va. App. 782, 789, 589 S.E.2d 458, 462 (2003).

Throughout his brief, appellant takes issue with the circuit court's failure to treat the present case as a relocation case and to apply these relocation factors in its best interest determination. Appellant, however, failed to assign error to the circuit court's refusal to treat the present case as a relocation case or to make determinations on these issues in that context. Rule 5A:20(c) requires an appellant to include a statement of the assignments of error in his opening brief. As appellant failed to assign any error to the circuit court's holdings concerning relocation, Rule 5A:20(c) requires us to hold that these issues are waived. See Winston v. Commonwealth, 51 Va. App. 74, 82 n.4, 654 S.E.2d 340, 345 n.4 (2007) (holding that an appellant's argument not included in his questions presented was waived on appeal).

III. Conclusion

As appellant failed to object to the circuit court's holdings concerning a material change of circumstances and its best interest analysis, Rule 5A:18 bars our consideration of these issues. Further, the good cause and ends of justice exceptions to Rule 5A:18 do not excuse appellant's failure to object under the facts of this case. Due to appellant's failure to assign error to the circuit court's holding concerning relocation, Rule 5A:20 bars appellate consideration of the remainder of appellant's arguments. For these reasons, we decline to address appellant's arguments and affirm the circuit court's decision.

Affirmed.