COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, McCullough and Senior Judge Bumgardner

DWIGHT THOMAS GRANT, II

v.     Record No. 0999-14-4

ALLISON JOY QUIGLEY

MEMORANDUM OPINION*
PER CURIAM
JANUARY 13, 2015

FROM THE CIRCUIT COURT OF CLARKE COUNTY
John E. Wetsel, Jr., Judge

(Dominique A. Callins; Kearney, Freeman, Fogarty & Joshi, PLLC,
on brief), for appellant.

(Ryan M. Schmalzle; Beckman Schmalzle PLC, on brief), for
appellee.

(Krystal A. Omps; William August Bassler, PLC, on brief),
Guardian *ad litem* for the minor children.


Dwight Thomas Grant, II appeals an order that awarded sole custody of the minor children

to Allison Joy Quigley and ordered Grant to have no contact with the children unless approved by

the children's health care providers and the guardian *ad litem*. Grant argues that the circuit court

erred by (1) continuing a protective order not entered by the Clarke County Juvenile and Domestic

Relations District Court (the JDR court); (2) failing to admit evidence regarding the conclusions of a

subsequent child protective services investigation; (3) "permitting an expert witness to assert an

expert opinion based upon the expert's lay observation of a non-treating minor child;" (4) "failing to

allow appellant to cross-examine an expert witness regarding the expert's use of facts,

circumstances and data normally relied upon in the expert's field of study;" (5) failing to admit

evidence of Quigley's alleged history of sexual abuse; (6) failing to admit evidence of Quigley's

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

"previous unfounded allegations of abuse by the appellant;" (7) admitting hearsay statements "without considering and articulating whether the statements possessed a particularized guarantee of trustworthiness and reliability;" and (8) finding that the best interests of the children warranted no contact with Grant because there was insufficient evidence to prove that he sexually abused the children.[1] Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the circuit court. See Rule 5A:27.

BACKGROUND

"'We review the evidence in the light most favorable to . . . the party prevailing below, and grant . . . all reasonable inferences fairly deducible from the evidence viewed in that light.'" Judd v. Judd, 53 Va. App. 578, 582, 673 S.E.2d 913, 914 (2009) (quoting Goodhand v. Kildoo, 37 Va. App. 591, 595, 560 S.E.2d 463, 464 (2002)).

So viewed, the evidence proved that Grant and Quigley were married on April 23, 2006 and divorced on January 23, 2012. Pursuant to their Agreement and Stipulation, which was incorporated into the final decree of divorce, they had joint legal and shared physical custody of their two children.[2]

In February 2013, the parties' oldest child displayed behavior that caused Quigley to believe that the child had been sexually abused by Grant. Quigley contacted the Department of Social Services, which determined that the complaint was unfounded. The police also investigated the matter and did not file any criminal charges against Grant.

---

[1] Grant withdrew his second and eighth assignments of error; therefore, this Court will not consider them.

[2] The children were born in April 2007 and December 2008.

On February 11, 2013, Quigley filed a petition for a protective order and a motion to amend custody and visitation. Quigley alleged that Grant had sexually abused their oldest daughter.

On August 9, 2013, the JDR court entered a protective order pursuant to Code § 16.1-279.1 and held that Grant shall have no contact with the two children. The protective order remains in effect until August 9, 2015. In addition, the JDR court entered an order awarding Quigley sole legal and physical custody of the children and ordered Grant to have no contact with the children. Grant appealed to the circuit court.

On April 23, 2014, the circuit court heard evidence and argument from the parties. Quigley presented evidence from Dr. Stacey Hoffmann, who is a licensed clinical psychologist. The circuit court qualified Dr. Hoffman as an expert in sexual abuse and reunification and held that she could "state her opinions including views of psychology with respect to the potential abuse and consequences of sexual abuse." She started seeing the parties' oldest daughter in 2012 to help address her behavioral problems. After February 2013, the parties' oldest daughter's behavior deteriorated. She exhibited violent and disruptive behavior and was hospitalized six times for mental health issues.[3] Dr. Hoffman opined that the child suffered from post-traumatic stress disorder and that her behaviors were consistent with a child who had been sexually abused. The court also heard evidence that the youngest daughter was behaving in such a manner that indicated she had been sexually abused.

On April 29, 2014, the circuit court issued its factual findings. After reviewing the factors in Code § 20-124.3, the circuit court determined that Quigley should have sole legal and physical custody of the children, and Grant should have no contact with the children unless

---

[3] As of the trial date in the circuit court, the child had been residing in a residential treatment facility since September 17, 2013.

approved by the children's treating health care providers and the guardian *ad litem*. The circuit court also held that "[t]he protective orders issued by the Juvenile and Domestic Relations District Court remain in effect." This appeal followed.

ANALYSIS

*Assignment of error #1 – Protective order*

Grant argues that the circuit court erred by extending the protective order entered by the JDR court.[4] Specifically, Grant asserts that he was not served with a permanent protective order by the JDR court. He contends the circuit court "erred in continuing an unenforceable protective order."

Pursuant to Code § 16.1-279.1(A), a court "may issue a protective order to protect the health and safety of the petitioner and family or household members of the petitioner." According to Code § 16.1-279.1(C), "[a] copy of the protective order shall be served on the respondent and provided to the petitioner as soon as possible."

Although Grant was not served with the protective order, he clearly had actual notice of it. See Tsai v. Commonwealth, 51 Va. App. 649, 654, 659 S.E.2d 594, 596 (2008) (a person can be convicted of violating a protective order if he was personally served with the protective order or he had actual notice of it). The protective order was included in the appendix for this appeal. The JDR court entered it on August 9, 2013, which is the same date that it entered the custody order. Grant's notice of appeal from the JDR court to the circuit court included a case number that was the same as that listed on the protective order. Grant discussed the existence of the protective order with the circuit court at the beginning of the hearing.

---

[4] The circuit court's final order states, "The protective orders issued by the Juvenile and Domestic Relations District Court remain in effect."

Since Grant had actual notice of the protective order, the circuit court did not err in holding that it remained in effect.

*Assignment of error #3*

Grant argues that the circuit court erred in permitting Dr. Hoffman to testify that her observations of the parties' youngest child were consistent with sexual abuse, as her opinion was not admissible expert testimony. Grant contends Quigley did not establish a sufficient basis for Dr. Hoffman's opinion regarding the youngest child because Dr. Hoffman did not treat the child.

"Generally, the admissibility of evidence 'is within the broad discretion of the trial court, and an [evidentiary] ruling will not be disturbed on appeal in the absence of an abuse of discretion.'" Surles v. Mayer, 48 Va. App. 146, 177, 628 S.E.2d 563, 578 (2006) (quoting Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988)) (brackets in original).

"Likewise, 'whether a witness is qualified to testify as an expert is largely within the sound discretion of the trial court.'" O'Rourke v. Vuturo, 49 Va. App. 139, 153, 638 S.E.2d 124, 130 (2006) (quoting Perdieu v. Blackstone Family Practice Center, Inc., 264 Va. 408, 418, 568 S.E.2d 703, 709 (2002) (internal quotations omitted)).

Grant objected to Dr. Hoffman testifying about the parties' youngest child. Quigley identified Dr. Hoffman as an expert witness. In her "Pretrial Expert Designations," she stated that the youngest child had spoken with Dr. Hoffman and that Dr. Hoffman opined, "Both children have exhibited behavior that is consistent with sexual abuse." The circuit court held that Quigley adequately identified Dr. Hoffman as an expert witness. We agree. Dr. Hoffman testified that she saw the youngest child "approximately seven or eight" times and observed behaviors that concerned her. The circuit court stated,

> I think one, I've already qualified this. Two, I've already
> instructed her to state no opinions she does not hold without a
> reasonable degree of psychological probability. If she doesn't hold
> it to a reasonable degree of psychological probability, she's not to

state it.  Now insofar as her observations, they're all within the purview of a relationship with a child as a clinical psychologist so your objection is noted and overruled.

Grant further contends Dr. Hoffman was treating the oldest child, not the youngest child, and should not have given an opinion regarding the youngest child.  However, the circuit court could determine how much weight to place on Dr. Hoffman's testimony regarding the youngest child.  "In determining the weight to be given the testimony of an expert witness, the fact finder may consider the basis for the expert's opinion."  Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668-69 (1997) (en banc) (citing Gilbert v. Summers, 240 Va. 155, 393 S.E.2d 213 (1990)).

The circuit court did not abuse its discretion in allowing Dr. Hoffman to give an expert opinion regarding the youngest child.

*Assignment of error #4*

Grant argues that the circuit court erred by failing to allow him to cross-examine Dr. Hoffman regarding her use of facts, circumstances, and data normally relied upon by experts in her field of study.  Specifically, he challenges the circuit court's refusal to allow him to cross-examine Dr. Hoffman about his willingness to take a polygraph examination and the results of his psychosexual evaluations.

> In any civil action any expert witness may give testimony and render an opinion or draw inferences from facts, circumstances or data made known to or perceived by such witness at or before the hearing or trial during which he is called upon to testify.  The facts, circumstances or data relied upon by such witness in forming an opinion or drawing inferences, if of a type normally relied upon by others in the particular field of expertise in forming opinions and drawing inferences, need not be admissible in evidence.

Code § 8.01-401.1.

The circuit court ruled that Grant could not ask Dr. Hoffman about his willingness to take a polygraph test because "[t]he law considers polygraphs to be hocus pocus."  See Robinson v.

- 6 -

Commonwealth, 231 Va. 142, 156, 341 S.E.2d 159, 167 (1986) ("In a long line of cases, spanning almost thirty years, we have made clear that polygraph examinations are so thoroughly unreliable as to be of no proper evidentiary use . . . ." (citations omitted)). Considering the Court's view on polygraph tests, the circuit court did not abuse its discretion in refusing to allow Grant to question Dr. Hoffman about them.

The circuit court also held that Grant could not ask Dr. Hoffman about a psychosexual evaluation that he took because Grant did not provide a copy of the report to Dr. Hoffman prior to trial. The circuit court stated that Dr. Hoffman clearly did not rely upon the report in forming her opinion, since she had not seen it. Furthermore, the circuit court explained that the person who administered the test was not present at the hearing, so its validity was questionable. Lastly, the circuit court found that the report was not identified as an exhibit, and copies of the report were not provided to opposing counsel or the guardian *ad litem*.

The circuit court asked Dr. Hoffman if a psychosexual evaluation would have been useful for her analysis of the situation. She responded that it would have been useful, but not necessary. She further explained her answer by stating, "A snapshot of what somebody did in their office for a few hours is not going to rise to the same level of what a team of people that have basically been working with the little girl around the clock."

The polygraph test and psychosexual evaluation were not included in the record. Grant did not proffer the results of the tests and what the proposed testimony would have been. "'It is well settled that when a party's evidence has been ruled inadmissible, the party must proffer or avouch the evidence for the record in order to preserve the ruling for appeal; otherwise, the appellate court has no basis to decide whether the evidence was admissible.'" Zelenak v. Commonwealth, 25 Va. App. 295, 302, 487 S.E.2d 873, 876 (1997) (en banc) (quoting Smith v. Hylton, 14 Va. App. 354, 357-58, 416 S.E.2d 712, 715 (1992)). For this Court to consider

whether the trial judge erroneously limited Grant's cross-examination of Dr. Hoffman, the record must contain a proffer of both the questions Grant wanted to ask and the answers Dr. Hoffman would have given. See Spencer v. Commonwealth, 238 Va. 295, 305, 384 S.E.2d 785, 792 (1989).

Because the record fails to contain the proffer, Rule 5A:18 bars this Court's consideration of this assignment of error.

*Assignment of error #5*

Grant argues that the circuit court erred in failing to allow him to cross-examine Quigley about her alleged history of sexual abuse. Grant asked Quigley, "And is it also your, your mental health history that you have determined that you were sexually molested as a child?" Quigley's counsel objected to the relevance of the question. Grant's response was simply, "It's extremely relevant." He provided no further explanation. The circuit court sustained the objection. For the first time on appeal, Grant contends "such evidence speaks to the issue of mental condition of a parent, bias, motive and credibility." We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). Accordingly, this Court will not consider the fifth assignment of error.

*Assignment of error #6*

Grant argues that the circuit court erred in failing to admit evidence of previously unfounded allegations of abuse that Quigley made against him. At trial, Grant asked Quigley, "Now this incident that occurred in February of 2013, and those allegations that you asserted against Mr. Grant, this is not the first time that you accused him of harming the children. Is that right?" Quigley's counsel objected. The circuit court stated, "Unless it's sexual abuse it's not material." The circuit court explained, "There's, there is no evidence of any abuse other than sexual abuse since January 23, 2012. Any former abuse could have been litigated and wasn't."

Contrary to Grant's arguments, the circuit court stated that it would allow questions "about any type of sexual abuse," but Grant did not ask Quigley about any other allegations of sexual abuse she made against him.

On appeal, Grant states, "Had Grant been permitted, he would have introduced evidence of a history of allegations of abuse by the Appellant against the parties' children, none of which were based upon any credible foundation and none of which result in further action or intervention by the court." Grant did not proffer what the evidence would have been.

"It is well settled that when a party's evidence has been ruled inadmissible, the party must proffer or avouch the evidence for the record in order to preserve the ruling for appeal; otherwise, the appellate court has no basis to decide whether the evidence was admissible." Smith, 14 Va. App. at 357-58, 416 S.E.2d at 715; see also Joynes v. Payne, 36 Va. App. 401, 418, 551 S.E.2d 10, 18 (2001).

Since Grant offered no proffer, this Court will not consider his sixth assignment of error.

*Assignment of error #7*

Grant argues that the circuit court erred in admitting the oldest child's out-of-court statements without making the findings required by Code § 63.2-1522, which defines when out-of-court statements, "describing any act of a sexual nature performed with or on the child by another," made by a child twelve years of age or younger may be admitted into court.

First, Grant argues that the circuit court erred in admitting pictures the oldest child drew while in the presence of Dr. Hoffman. Grant did not object to the drawings based on the circuit court failing to make the requisite findings from Code § 63.2-1522; therefore, this Court will not consider his argument on appeal as related to the child's drawings. See Rule 5A:18.

Second, Grant objected to the statements that the oldest child made to Quigley. Quigley testified about an incident that occurred in early 2013 when the children were in the bathtub

together. She asked the oldest child whether anyone had touched her the way the oldest child was touching the youngest child in the bathtub. Quigley testified that the oldest child said, "[J]ust daddy when he tickles me." Grant objected to the child's statement based on hearsay. The circuit court held that the statement was admissible pursuant to Code § 63.2-1522. It explained,

> This is a child under the age of 12 who is suffering clearly from a physical or mental disability and that she is institutionalized and the statement has been provided to the opposing party in advance and was thought to be admitted so that's how I'm going to rule on that one.

Grant argues that the circuit court failed to consider whether the statement possessed "particularized guarantees of trustworthiness and reliability" as required by Code § 63.2-1522(B)(2) and the factors under subsection D.

Assuming without deciding that the circuit court erred in admitting the statement, the error is harmless. "Under the doctrine of harmless error, we will affirm the circuit court's judgment when we can conclude that the error at issue could not have affected the [result]." King v. Cooley, 274 Va. 374, 379, 650 S.E.2d 523, 526 (2007). "In short, error which does not injuriously affect the interest of the party complaining is not reversible." Jenkins v. Winchester Dep't of Social Servs., 12 Va. App. 1178, 1186, 409 S.E.2d 16, 21 (1991) (citation omitted); see Code § 8.01-678.

There was sufficient evidence, besides the child's statements, presented to the circuit court to support its findings that the children were sexually abused. The circuit court heard evidence about the children coloring on their vaginas with markers and "playing a game of sticking things in their vaginas." Quigley said that she saw the youngest child touching herself inappropriately. There was evidence that the oldest child would react violently when Grant's name was mentioned. After February 2013, the child's behavior deteriorated, which led to her

being hospitalized several times and living at a residential treatment center for months. In addition, the circuit court heard evidence from Dr. Hoffman, who treated the oldest child. Dr. Hoffman testified that the child's behaviors "were highly consistent with a child who had been sexually abused." Dr. Hoffman testified, without objection, that the oldest child "has consistently identified her father as the perpetrator" of the sexual abuse. Dr. Hoffman further opined that Grant was the perpetrator based on her "direct group with [the oldest child] and her disclosures and the subsequent evaluation of reports from the future treatment providers, [and] from Virginia Treatment Center for Children." Dr. Hoffman also described the youngest child's behaviors, which suggested that she was sexually abused.

In its letter opinion, the circuit court summarized the testimony from Quigley and Dr. Hoffman. The circuit court concluded, "[The oldest child's] disclosures, the testimony of Dr. Hoffman, and the fact that mention of Father is a trigger for her violent behaviors support the conclusion that [the oldest child] has been touched inappropriately by her Father." There is sufficient evidence, without the child's out-of-court statements, to support the circuit court's findings. Therefore, considering the totality of the evidence, any error made by the circuit court with respect to the admissibility of the child's statements is harmless.

*Attorney's fees and costs*

Quigley asks this Court to award her attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). On consideration of the record before us, we decline to award Quigley her attorney's fees and costs on appeal.

CONCLUSION

For the foregoing reasons, the circuit court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.