COURT OF APPEALS OF VIRGINIA

Present:    Judges Humphreys, Powell and Senior Judge Clements

MONZER R. CHORBAJI

                                                   MEMORANDUM OPINION*
v.      Record No. 2910-08-4                            PER CURIAM
                                                      FEBRUARY 2, 2010
MARVA D. SIMPSON


                    FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                            Benjamin N.A. Kendrick, Judge

            (Michelle C. Thomas; M. C. Thomas & Associates, PC, on brief), for
            appellant.[1]

            (Debra A. Goldenberg; Goldenberg & Phillips, P.C., on brief), for
            appellee.


        Monzer R. Chorbaji (husband) appeals the trial court's final order regarding custody,

visitation, child support, grounds for divorce, equitable distribution, and attorney's fees.  Husband

argues that the trial court erred by (1) abusing its discretion under Code § 20-124.3 and awarding

custody of the parties' minor child to wife and supervised visitation to husband; (2) ordering

husband to relinquish his passport and ordering that it remain in the court's custody; (3) ordering

husband to pay child support based on inaccurate income figures; (4) awarding all of the equity in

the marital home to wife and awarding wife a monetary award for her interest in husband's vehicle

and a gift that he received prior to the marriage; (5) awarding wife attorney's fees in the amount of

$25,000; (6) violating the First Amendment and considering evidence of husband's religion and

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Michelle C. Thomas filed appellant's opening brief on his behalf; however, on August
24, 2009, this Court entered an order allowing Thomas to withdraw as counsel.  Appellant is now
proceeding *pro se*.

national origin in deciding custody and visitation; (7) violating the Equal Protection Clause when it considered husband's national origin in determining custody; (8) barring husband from obtaining and using evidence regarding wife's other child and ex-husband; (9) allowing wife to introduce evidence at trial that was barred by a previous order; and (10) concluding that wife signed the marital separation agreement under duress. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit.[2] Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

## BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

The parties married on November 13, 2004. The parties have one child, born November 29, 2005. In December 2006, husband left the marriage after telling wife that she was a good wife and mother, but he did not wish to be married anymore. Wife asked husband to return, and he did for a while until he left permanently on January 16, 2007.

On August 3, 2007, wife filed a complaint for divorce. The parties had numerous issues with visitation. On November 1, 2007, the trial court heard husband's motion for *pendente lite* visitation, and an order was entered on December 7, 2007. The trial court denied husband's motion

---

[2] Husband filed several preliminary motions, including several motions that were addressed in an order entered by this Court on August 24, 2009. On September 2, 2009, husband filed "Introductory Remarks" and a "Motion to Consider," praying that the Court reconsider its decision to deny husband's previous motion to consider and consider the contents of his new "Motion to Consider." On September 22, 2009, husband filed a "Supplemental Motion to Consider." Wife filed a response in opposition thereto and requested her attorney's fees and costs. Upon consideration whereof, the Court denies husband's "Motion to Consider" and grants wife's request for attorney's fees and costs.
On October 19, 2009, husband filed a "Motion to Investigate" wherein he requested that this Court conduct a formal investigation relating to the admission of an exhibit. Upon consideration whereof, the Court denies husband's "Motion to Investigate."

for reconsideration. On May 5, 2008, a consent *pendente lite* order was entered. Husband subsequently filed a motion for modification, which the trial court heard and denied on July 21, 2008.

Wife sought the assistance of the Division of Child Support Enforcement (DCSE) to obtain child support from husband. Husband's wages were garnished in August 2007.

Husband failed to answer discovery and violated the *pendente lite* order. Despite an order forbidding him from having contact with wife, husband continued to send her letters and e-mails. Despite an order preventing his girlfriend from being present during visitations, she was present at visitation exchanges and during daytime and overnight visitations.

The trial court held the final hearing on September 10, 11, 16, and 17, 2008.[3] On September 26, 2008, the trial court issued its letter opinion. The trial court awarded wife a divorce based on desertion and adultery. It awarded sole custody of the parties' child to wife, with supervised visitation to husband. It also ruled on equitable distribution and awarded attorney's fees to wife. The parties were divorced on November 7, 2008.

ANALYSIS

Child custody and visitation

Husband argues that the trial court erred in awarding sole custody of the parties' child to wife and supervised visitation to him.

"In matters of custody, visitation, and related child care issues, the court's paramount concern is always the best interests of the child." Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990).

---

[3] Appellant did not timely file the September 16, 2008 hearing transcript pursuant to Rule 5A:8. An appellant has the responsibility to provide a complete record to the appellate court. Twardy v. Twardy, 14 Va. App. 651, 658, 419 S.E.2d 848, 852 (1992) (en banc). Therefore, this Court will not consider testimony or argument from the hearing on September 16, 2008.

"As long as evidence in the record supports the trial court's ruling and the trial court has not abused its discretion, its ruling must be affirmed on appeal." Brown v. Brown, 30 Va. App. 532, 538, 518 S.E.2d 336, 338 (1999). "Where the record contains credible evidence in support of the findings made by that court, we may not retry the facts or substitute our view of the facts for those of the trial court." Ferguson v. Stafford County Dep't of Soc. Servs., 14 Va. App. 333, 336, 417 S.E.2d 1, 2 (1992).

The trial court went into great detail in its letter opinion to describe the actions of the parents and their effects on the child. The trial court considered the factors in Code § 20-124.3, and, in rendering its opinion, emphasized husband's lack of involvement in the child's life prior to the separation and husband's "verbal and emotional abuse" of wife and the child. The trial court noted that based on husband's actions, he was not "likely to promote any positive relationship with the child and either Ms. Simpson or any of her family members." On the other hand, the trial court described wife's positive involvement in the child's life. She is able to attend to and meet the child's needs and, despite husband's actions, she tried to keep him apprised of issues relating to the child. The trial court concluded, "All of the statutory factors support that Ms. Simpson should have sole custody of [the child] since working with Mr. Chorbaji is not realistic." The evidence was sufficient to support this ruling.

The evidence also supported the trial court's ruling to order supervised visitation to husband. Husband repeatedly said "denigrating statements" about wife to her and others in front of the child. The trial court also described husband's actions of shaving the child's head, attempting to damage the child's relationship with his doctor, giving him prescription medication that he did not need, and ignoring the trial court's orders as evidence of husband's abusive conduct. The trial court ruled that "[s]upervised visitation is appropriate until Mr. Chorbaji can satisfy the Court that he will not continue the type of detrimental conduct he has been

- 4 -

demonstrating." The trial court was concerned about the child's best interests and husband's "abusive conduct."

The trial court considered the statutory factors in issuing its custody and visitation rulings, and there is evidence to support its rulings. Therefore, the trial court did not abuse its discretion.

Furthermore, husband argues that the trial court erred in denying him holiday visitation. The trial court stated, "Since Mr. Chorbaji did not express which holidays are important to him, other than Christmas, it is difficult to grant him any relief in this regard." Husband argues that he did express an interest in holidays; however, he cites to the supplemental appendix, which this Court previously held he was not allowed to do.[4] Other than one case citation to general custody law, husband does not provide any legal authority to support his argument. Rule 5A:20(e) mandates that appellant's opening brief include "[t]he principles of law, the argument, and the authorities relating to each question presented . . . ." Husband did not comply with Rule 5A:20(e) because his opening brief does not contain any principles of law or citation to legal authorities to fully develop his arguments regarding holiday visitation.

Husband has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). We find that husband's failure to comply with Rule 5A:20(e) is significant, so we will not consider his argument regarding holiday visitation. See Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("If the parties believed that the

---

[4] On March 3, 2009, appellant filed a Motion for Leave of Court to Cite to the Supplemental Appendix, and on August 24, 2009, this Court denied the motion. Therefore, we will not consider husband's references to the supplemental appendix, which included, among other documents, the transcript for the September 16, 2008 hearing.

circuit court erred, it was their duty to present that error to us with legal authority to support their contention."); Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).

Husband also failed to cite any legal authority to support his argument that (1) there was no evidence that his conduct was "detrimental" to the minor child; (2) the trial court abused its discretion in prohibiting husband from contacting wife; and (3) the trial court abused its discretion in barring husband from leaving the Commonwealth of Virginia with his child. See Rule 5A:20(e). Husband's failure to comply with Rule 5A:20(e) is significant, so we will not consider these arguments. See Fadness, 52 Va. App. at 851, 667 S.E.2d at 866; Parks, 52 Va. App. at 664, 666 S.E.2d at 548.

In addition to husband's citations to the supplemental appendix regarding holiday visitation, he also cites to the supplemental appendix to support his argument that the trial court erred in prohibiting the child from going to his home as long as he was living with his girlfriend. However, the trial court explained that "until Mr. Chorbaji ceases living with his girlfriend, [the child] is not permitted to go to his home, as this is sending mixed messages to this child."

"In all custody cases the controlling consideration is always the child's welfare and, in determining the best interest of the child, the court must decide by considering all the facts, including what effect a nonmarital relationship by a parent has on the child." Brown v. Brown, 218 Va. 196, 199, 237 S.E.2d 89, 91 (1977).

Here, the trial court described husband's relationship with his girlfriend and noted that they do not intend to marry one another. At the time of trial, she was five months pregnant, and they had been living together since "at least March, 2008." Husband told the child to call his girlfriend, "Mommy." Husband also disobeyed court orders by having her present during visitation exchanges, at many of which he made denigrating comments about wife, and during daytime and overnight visitations. Such behavior is not in the child's best interests.

- 6 -

Husband also argued that the trial court erred when it held that he may not contact the child's health care or day care providers. "[N]either parent, regardless of whether such parent has custody, shall be denied access to the academic or health records of that parent's minor child unless otherwise ordered by the court for good cause shown or pursuant to subsection B." Code § 20-124.6(A). Here, contrary to what husband argues, the trial court had good cause to prohibit husband from having access to the child's health care and day care providers. There was evidence that husband interfered, and tried to damage, the relationship between the child and his doctor. Husband's actions also caused the child's day care provider to quit.

Furthermore, husband contends the trial court abused its discretion when it allowed wife to move out of state with the child. The trial court stated, "This Court recognizes Ms. Simpson's right to move out of state with [the child]."

The trial court had good cause to acknowledge wife's ability to move out of state. Wife was the primary caregiver for the child, and the trial court found that husband's actions toward wife and the child amounted to abuse. There also was evidence that wife's family lived in Illinois, her father was ill, and her house was too small to meet her family's needs. The trial court did not err in allowing mother to relocate with the child. See Judd v. Judd, 53 Va. App. 578, 588-91, 673 S.E.2d 913, 917-19 (2009) (evidence was sufficient to support the trial court's ruling allowing mother to move to Wisconsin with the children).

Husband's Passport and Husband's Income

Husband argues that the trial court erred in ordering that he had to leave his passport with the Court, and he argues that the trial court used the incorrect income for child support purposes. However, husband did not comply with Rule 5A:20(e) because his opening brief contained only general statements of law and did not contain any principles of law or citation to legal authorities to fully develop his arguments.

This Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Buchanan, 14 Va. App. at 56, 415 S.E.2d at 239. Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*).

We find that husband's failure to comply with Rule 5A:20(e) is significant, so we will not consider questions presented 2 and 3. See Fadness, 52 Va. App. at 851, 667 S.E.2d at 866; Parks, 52 Va. App. at 664, 666 S.E.2d at 548.

### Equitable Distribution

Husband argues that the trial court erred when it (1) failed to consider his contributions to the mortgage of the marital residence; (2) awarded wife a monetary award for her interest in husband's vehicle; and (3) ordered husband to pay approximately one-half of the $50,000 gift that he received prior to the marriage.[5]

On appeal, "decisions concerning equitable distribution rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence." McDavid v. McDavid, 19 Va. App. 406, 407-08, 451 S.E.2d 713, 715 (1994) (citing Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990)).

Wife owned the former marital residence for several years prior to the parties' marriage. The mortgage and deed were in her name alone. Wife paid for all of the expenses associated with the home, except that husband paid for half of the mortgage for approximately one year. Husband argues that the equity in the home should have been marital property; however, the trial

---

[5] Husband cites to the supplemental appendix to support his argument. As noted earlier, this Court previously ruled that husband's citations to the supplemental appendix would not be considered. This Court, instead, relied on the available transcripts and the trial court's letter opinion for its decision.

court ruled that "any net equity this property has is her [wife's] sole property and separate property as it was purchased before the parties were married, and exclusively maintained by her thereafter." The trial court found that the amount of money husband contributed to the house "he would have had to pay in rent had he not lived there, and what he would have paid in rent would have exceeded the financial contribution he made to live in Ms. Simpson's home." The trial court further stated, "Nearly all of the appreciated value for the property resulted from Ms. Simpson's physical and financial contributions." Assuming without deciding that the trial court erred in classifying the equity in the home as wife's separate property, any error was harmless. "When it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached, no judgment shall be arrested or reversed . . . for any error committed on the trial." Code § 8.01-678. There was no evidence regarding the amount of husband's contributions to the marital residence. The evidence supports the trial court's ruling regarding distribution because wife was the one who "made almost all of the monetary and non-monetary contributions to the property and the well-being of the family." There was evidence to support the trial court's refusal to award husband any portion of the equity because of "Mr. Chorbaji's desertion of this only two-year marriage and failure to contribute financially or otherwise even when the parties were living together." See Papuchis v. Papuchis, 2 Va. App. 130, 132, 341 S.E.2d 829, 830-31 (1986) (there is no presumption of a 50/50 division); Theisman v. Theisman, 22 Va. App. 557, 570, 471 S.E.2d 809, 815 ("Consideration of the factors [in Code § 20-107.3] as applied to various assets can justify different equities in these assets." (citation omitted)), aff'd upon reh'g en banc, 23 Va. App. 697, 479 S.E.2d 534 (1996).

Husband also argues that the trial court erred in awarding wife a monetary interest in his vehicle. Husband acquired the vehicle prior to the marriage, although he paid off the $18,000

- 9 -

lien on the vehicle during the marriage.  Husband did not prove that he used separate funds to pay off the loan.  The party who contends that the property is separate has the burden of proof.  See Gilliam v. McGrady, 53 Va. App. 476, 483, 673 S.E.2d 474, 478 (2009) (citing Courembis v. Courembis, 43 Va. App. 18, 34, 595 S.E.2d 505, 513 (2004)).  Therefore, the trial court did not err in ruling that the equity in the car was marital property.

Husband contends the trial court erred when it ordered him to pay wife approximately one-half of a $50,000 gift that he received prior to the marriage.[6]  In his brief, husband cites only the supplemental appendix to corroborate his claim that the money was a gift to him.  "[O]n appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of."  Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961).  "The burden is upon the appellant to provide us with a record which substantiates the claim of error.  In the absence thereof, we will not consider the point."  Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1185, 409 S.E.2d 16, 20 (1991) (citation omitted).  Because, on this record, we are unable to determine whether the trial court erred, we will not consider this argument.

Attorney's Fees

Husband argues that the trial court abused its discretion in ordering him to pay $25,000 of wife's attorney's fees.

"'[A]n award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion.'"  Richardson v. Richardson, 30 Va. App. 341, 351, 516 S.E.2d 726, 731 (1999) (quoting Graves v. Graves, 4 Va. App. 326, 333,

---

[6] In his brief, husband states that he received the $50,000 gift prior to the marriage; however, in his objections to the final decree, he states that his father gave him the $50,000 after the parties separated to assist him with purchasing his condominium.

357 S.E.2d 554, 558 (1987)). "[T]he key to a proper award of counsel fees [is] reasonableness under all of the circumstances revealed by the record." McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

Here, the evidence proved that wife incurred approximately $50,000 in attorney's fees and costs. The trial court noted that husband "refused to provide full discovery, was not forthcoming in his deposition, and through his vindictive and baseless actions of contacting the police and filing with CPS against Ms. Simpson, caused her to incur wasteful attorney's fees just trying to properly parent her children, while he refused to do so." Husband also filed "many . . . frivolous motions," causing wife's attorney's fees to increase. The trial court found that husband's actions were "unnecessary, overly litigious, and threatening." Based on the evidence, the trial court did not abuse its discretion in awarding wife $25,000 in attorney's fees.

Rule 5A:18

Husband contends the trial court violated the First Amendment when it considered evidence of husband's religion and national origin in deciding custody and visitation and violated the Equal Protection Clause when it considered husband's national origin in determining custody. Husband also contends the trial court erred when it concluded that wife signed the marital separation agreement under duress. However, husband made these arguments for the first time at the appellate level.

"No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). "The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its

- 11 -

attention." Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (en banc). Therefore, we will not consider these arguments.

Admission of Evidence

Husband argues that the trial court abused its discretion by barring him from obtaining and using evidence regarding wife's son and ex-husband and by allowing wife to introduce evidence at trial which had been barred by a prior order.

"Generally, the admissibility of evidence 'is within the broad discretion of the trial court, and an [evidentiary] ruling will not be disturbed on appeal in the absence of an abuse of discretion.'" Surles v. Mayer, 48 Va. App. 146, 177, 628 S.E.2d 563, 578 (2006) (quoting Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988)) (brackets in original).

Husband argues that information regarding the wife's son and ex-husband was relevant to his child's relationship with his half-brother. However, the trial court held that wife's other son was not relevant to this proceeding. Based on the record and information provided, the trial court did not abuse its discretion in prohibiting husband from having access to the wife's son's academic and medical records, as well as submitting evidence regarding him and his father.

Husband also contends the trial court erred in allowing wife to present testimony from several witnesses whose addresses and phone numbers were not previously disclosed. He argues that there was an order stating that all discovery had to be completed by a certain date or the evidence was to be excluded. However, wife argued that the witnesses' addresses and phone numbers were previously provided in discovery, on subpoenas, and in testimony, and their testimony was not a surprise to counsel. The trial court concluded that "all of this information was either known or readily available," and it denied husband's motion to exclude their testimony. Based on the record and information provided, the trial court did not abuse its discretion in allowing wife to present testimony from the witnesses.

Appellate attorney's fees

Wife asks this Court to award her attorney's fees and costs incurred on appeal. <u>See</u> <u>O'Loughlin v. O'Loughlin</u>, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). On consideration of the record before us, we decline to award wife her attorney's fees and costs on appeal.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27. This matter also is remanded to the trial court for a determination and award of the appropriate attorney's fees and costs incurred by wife in defending the "Motion to Consider."

<u>Affirmed and remanded.</u>